# EXHIBIT B

Filed        24-CI-02151      12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

Commonwealth of Kentucky
Hardin Circuit Court
Case No. _____
*Filed Electronically*

James Loper                                                    PLAINTIFF

v.

America's Car-Mart, Inc.                                       DEFENDANTS
Serve:
> Corporation Service Company
> 421 West Main Street
> Frankfort, KY 40601

Colonial Auto Finance, Inc.
Serve:
> W Brett Papasan
> 1805 North 2nd Street. Suite 401
> Rogers, AR 72756

Equifax Information Services, LLC
Serve:
> Corporation Service Company
> 421 West Main Street
> Frankfort, KY 40601

Exeter Finance, LLC
Serve:
> Corporation Service Company
> 421 West Main Street
> Frankfort, KY 40601

NCB Management Services, Inc.
Serve:
> Rick Silver
> 1 Allied Drive, Suite 1
> Trevose, PA 19053-6945

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000001 of 000023

NOT ORIGINAL

DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

## COMPLAINT AND JURY TRIAL DEMAND

### INTRODUCTION

1.    This is a complaint for Defendants' separate violations of the Kentucky Consumer Protection Act ("KCPA"), KRS 367.110 *et seq.*; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*; and the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. §1681 *et seq.*; and Kentucky's UCC laws.

### JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under KRS 367.220, KRS 23A.010, 15 U.S.C. §1692k, and 15 U.S.C. §1681p. Venue is proper because Plaintiff lives and resides in Hardin County, Kentucky, and because all or most of the relevant events as alleged below occurred in Hardin County, Kentucky, which is located within this Circuit.

### PARTIES

3.    Plaintiff James Loper is a natural person who resides in Hardin County, Kentucky, a "consumer" within the meaning of the FCRA at 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3), and a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

4.    Defendant America's Car-Mart, Inc. ("ACM") is a foreign corporation registered with the Kentucky Secretary of State whose principal place of business is located at 1805 North 2nd Street, Suite 401, Rogers, AR 72756. ACM is a "person" within the meaning of the KCPA as defined at KRS 367.110(1) and a "furnisher" of credit information within the meaning of the FCRA.

5.    Colonial Auto Finance, Inc. ("Colonial") is an Arkansas corporation not registered to do business with the Kentucky Secretary of State whose principal place of business is located at 1805 N. 2nd Street, Suite 401, Rogers, AR 72756. Colonial is a is a "person" within the meaning

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000002 of 000023

-2-

Filed        24-CI-02151        12/09/2024              Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000003 of 000023

of the KCPA as defined at KRS 367.110(1) and a "furnisher of credit information" within the meaning of the FCRA.

6.      Defendant Equifax Information Services, LLC ("Equifax") is a foreign limited liability company registered to do business with the Kentucky Secretary of State whose principal place of business is located at 1550 Peachtree Street NW, Atlanta, GA 30309. Equifax is a "consumer reporting agency" within the meaning of the FCRA as defined at 15 U.S.C. §1681a(f).

7.      Defendant Exeter Finance, LLC ("Exeter") is a foreign corporation registered with the Kentucky Secretary of State whose principal place of business is located at 2101 West John Carpenter Freeway, Irving, TX 75063. Exeter is a "furnisher of credit information" within the meaning of the FCRA and a "person" within the meaning of the KCPA as defined at KRS 367.110(1).

8.      Defendant NCB Management Services, Inc. ("NCB") is a Pennsylvania corporation and third-party debt collector not registered with the Kentucky Secretary of State whose principal office is located at Trevose, PA 19053.

9.      NCB's principal purpose is the collection of debts. NCB regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA as defined at 15 U.S.C. §1692a(6).

## STATEMENT OF FACTS

10.     Like many of his fellow Americans, Plaintiff James Loper ("Loper") is keenly aware of the importance of his credit score.

11.     As explained on Bankrate.com, a person's credit score is important to many major life events: including housing, employment, and credit:

> Today's economy runs on credit. If you want to get a mortgage loan
> for a house or a student loan to pay for college, or if you just want

Filed        24-CI-02151        12/09/2024              Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

12/09/2024 06:23:03 PM
COURTHOUSENEWS

to put your lunch on a credit card, a company is extending credit to you.

Your creditworthiness is defined by your three-digit credit score and is the key to your financial life. Good credit can be the make-or-break detail that determines whether you'll get a mortgage, car loan or student loan. On the other hand, bad credit will make it more difficult for you to get a credit card with a low interest rate and it will make it more expensive to borrow money for any purpose, says Liz Pulliam Weston, author of "Your Credit Score."

But even if you're not in the market for a loan, good credit can have a major impact, Weston says.

"Your credit information can be a factor in whether or not you can rent a nice apartment, how much you pay for insurance or whether or not you can get a job," she says. Landlords, insurers and employers frequently use credit information as a litmus test to see if the people they are dealing with are reliable and responsible.

Bad credit can suggest you're a risky bet. While bad credit may only show the details of how you deal with debt, some will extrapolate the characteristics from your financial life to other situations and assume that your bad credit implies that you may be just as irresponsible driving a car, taking care of an apartment or showing up for a job, Weston notes.

Good credit can signify that your financial situation—and the rest of your life—is on the right track.[1]

12.     In an effort to improve his credit score and rating in order to purchase his own home, Mr. Loper regularly reviews his credit reports on a regular basis.

13.     This action is part and parcel of Mr. Loper's ongoing efforts to improve his credit score and access to credit by correcting false and inaccurate credit information on his credit reports.

---

[1] http://www.bankrate.com/finance/credit-cards/why-is-good-credit-so-important.aspx

-4-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000004 of 000023

Filed                24-CI-02151      12/09/2024        Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

## I.    Facts as to America's Car Mart, Inc. and Colonial Auto Finance, Inc.

### A.    Relationship between America's Car Mart, Inc. and Colonial Auto Finance, Inc.

14.     "America's Car-Mart, Inc. is an automotive retailer focused on the integrated auto sales and finance segment of the used car market. The Company conducts its operations through its two operating subsidiaries, America's Car Mart, Inc. (Car-Mart of Arkansas) and Colonial Auto Finance, Inc. (Colonial) (Car-Mart of Arkansas and Colonial are referred collectively to as Car-Mart). It primarily sells older model used vehicles and provides financing for all of its customers. As of April 30, 2016, the Company operated 143 dealerships located primarily in small cities throughout the South-Central United States. Dealerships are operated on a decentralized basis. Each dealership is responsible for buying (with the assistance of a corporate office buyer) and selling vehicles, making credit decisions, and servicing and collecting the installment contracts it originates. Dealerships also maintain their own records and make daily deposits. The Company has both regular and satellite dealerships."[2]

15.     While Defendant America's Car Mart, Inc. ("ACM") has registered to conduct business in the Commonwealth, Defendant Colonial Auto Finance, Inc. ("Colonial") has not.

### B.    Relevant Facts

16.     In December 2017, Mr. Loper purchased a used 2008 Ford Taurus X from ACM in Elizabethtown, KY. Colonial financed the vehicle purchase (the "Colonial Taurus Loan").

17.     As stated above, Colonial has not registered to conduct business in the Commonwealth, which makes the Colonial Taurus Loan void or voidable.

18.     Mr. Loper used the Ford Taurus for personal, family, and/or household purposes.

---

[2] https://info.creditriskmonitor.com/Report/ReportPreview.aspx?BusinessId=811 (last visited August 14, 2023).

-5-

Filed                24-CI-02151      12/09/2024        Deanna Simcoe, Hardin Circuit Clerk

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000005 of 000023

Filed            24-CI-02151    12/09/2024    Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

19.     The sale and financing of the Ford Taurus constitutes "trade" or "commerce" within the meaning of the KCPA.

20.     Mr. Loper suffered an economic setback and missed his loan payments to Colonial starting in April 2017.

21.     ACM and/or Colonial repossessed the Ford Taurus.

22.     Repossession was a remedy that ACM and/or Colonial could pursue as a secured creditor. But they could have just as easily allowed Mr. Loper to keep the Ford Taurus and sued to collect the unpaid balance of the loan from him.

23.     Repossession and sale of secured collateral in a consumer transaction like the one at issue here places a duty of care on the secured party to safeguard the repossessed property and to dispose of it in a commercially reasonable manner. These duties and requirements are set forth in Kentucky's Uniform Commercial Code. KRS Chapter 355.9. In particular, every aspect of the sale of the secured property has to be done in a commercially reasonable manner before a secured creditor may obtain a deficiency judgment against the consumer.

24.     AMC and/or Colonial is reporting negative credit information about Mr. Loper and the Colonial Taurus Loan to consumer reporting agencies ("CRAs") Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (the "Taurus Loan Tradeline").

25.     The Taurus Loan Tradeline is reporting an outstanding balance due of $8,803, which Mr. Loper believed had to be wrong. The amount seemed grossly excessive considering the sale price he paid for the Ford Taurus and how short a time he had the Ford Taurus in his possession before repossession.

26.     Based on the credit information in the Taurus Loan Tradeline appearing on Mr.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000006 of 000023

Filed            24-CI-02151    12/09/2024    Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

Loper's credit reports, it does not appear that ACM and/or Colonial disposed of the vehicle at issue in a commercially reasonable manner as required by law after repossessing it.

27.     To gather more information about the Taurus Loan Tradeline, Mr. Loper sent dispute letters directly to ACM on February 8, 2023, and March 13, 2023. In the February 8, 2023, letter, Mr. Loper directly disputed the accuracy of the Taurus Loan Tradeline. In the letter, Mr. Loper also exercised his statutory rights under KRS 355.9-616 to request an "explanation" of ACM and/or Colonial's calculation of any deficiency owed after post-repossession disposition of the vehicle at issue. Mr. Loper also exercised his right under KRS 355.9-210 for "request for an accounting". Both statutes require a creditor to respond to the requests within fourteen (14) days of receipt of the requests.

28.     On April 14, 2023, ACM responded to Mr. Loper's dispute letters. ACM's response included a copy of the Retail Installment Sale Contract ("RISC") for the Ford Taurus and an account statement for the Colonial Taurus Loan. Neither ACM nor Colonial complied with Mr. Loper's requests for an explanation of the calculation of deficiency.

29.     The ACM account statement for the Colonial Taurus Loan noted a balance due of $8,802.92 as of January 12, 2019. Of great importance here, the account statement does not note any credit for the post-repossession sale of the Ford Taurus or any refund of the unearned $721.84 debt cancellation agreement financed under the RISC.

30.     According to a CarFax report for the Ford Taurus at issue, someone in Alabama purchased the Ford Taurus on or about December 12, 2019, which necessarily means that either ACM or Colonial sold the Ford Taurus post repossession.

31.     Under Kentucky law, in order to recover or claim due a deficiency on the sale of secured property, the secured party must dispose of the secured property in a commercially

Filed            24-CI-02151      12/09/2024              Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

reasonable manner. Further, as the secured party claiming a deficiency due, ACM and/or Colonial has the burden of demonstrating its disposition of the vehicle at issue was commercially reasonable.

32.     Because ACM and/or Colonial has the burden of proving that the sale of the vehicle at issue was conducted in a commercially reasonable in order to claim (or report) the right to recover a deficiency balance from Mr. Loper, ACM and/or Colonial has no present right to recover a deficiency from Mr. Loper or the right to report that a deficiency is due and owing. In other words, ACM and/or Colonial lacks the legal "ability to unilaterally impose statutory [deficiency balance due] without judicial oversight." *Fulk v. LVNV Funding LLC,* 55 F. Supp. 3d 967, 973 (E.D. Ky. 2014).

### C.     Violation of the FCRA

33.     On April 5, 2023, Mr. Loper sent a dispute letter to Experian and Trans Union that disputed the Taurus Loan Tradeline as being inaccurate because ACM and/or Colonial failed to dispose of the Ford Taurus in a commercially reasonable manner post-repossession.

34.     Trans Union rejected Mr. Loper's dispute out of hand without doing any investigation. Experian, however, did process Mr. Loper's dispute.

35.     Upon receipt of Mr. Loper's dispute, Experian forwarded Mr. Loper's dispute to ACM and/or Colonial.

36.     Receipt of Mr. Loper's dispute from Experian triggered ACM and/or Colonial's statutory duty under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation of Mr. Loper's dispute.

37.     Upon review of his Experian credit report dated July 26, 2023, Mr. Loper discovered that the Ford Taurus Tradeline remained unchanged.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000008 of 000023

Filed            24-CI-02151      12/09/2024              Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

38.    ACM and/or Colonial violated the FCRA by failing to conduct a reasonable investigation of Mr. Loper's dispute. In particular ACM and/or Colonial failed to reduce the balance of the Ford Taurus Tradeline to $0.00 based on the failure to dispose of the Ford Taurus in a commercially reasonable manner post repossession.

**D.    Violations of Kentucky Law**

39.    ACM and Colonial each violated KRS 355.9-616 by failing to send Mr. Loper an explanation of the deficiency for the Colonial Taurus Loan.

40.    For each of ACM's and Colonial's violations of Kentucky's UCC laws, Mr. Loper is entitled to recovery of $500 for this violation under KRS 355.9-625.

41.    ACM and/or Colonial violated the KCPA as follows:

**i.**    ACM sells and sold cars in the Commonwealth of Kentucky knowingly and intentionally using an entity that has not registered to conduct business in the Commonwealth to finance the sale of vehicles.

**ii.**    Colonial financed the sale of the vehicle at issue in the Colonial Taurus Loan without registering to conduct business in the Commonwealth in direct and plain violation of KRS 14A.9-010.

**iii.**    ACM and Colonial self-awarded themselves a deficiency balance due on the Colonial Taurus Loan despite the fact that they failed to dispose of the vehicle at issue in a commercially reasonable manner and/or by failing to credit Mr. Loper's account with post-repossession sale proceeds and the unearned finance charge for the RISC.

**II.    Facts as to Exeter Finance, LLC and NCB Management Services, Inc.**

42.    On or about September 17, 2016, Mr. Loper purchased a used Dodge Challenger from Oxmoor Mazda, and Defendant Exeter Finance, LLC ("Exeter") financed the purchase (the "Dodge Challenger Loan").

43.    Mr. Loper used the Dodge Challenger for personal, family, and/or household purposes.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000009 of 000023

Filed        24-CI-02151        12/09/2024        Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL DOCUMENT

12/09/2024 06:23:03 PM

COURTHOUSENEWS

44.    The sale and financing of the Dodge Challenger constitutes "trade" or "commerce" within the meaning of the KCPA.

45.    Exeter was and is reporting negative information about Mr. Loper and the Dodge Challenger Loan (the "Exeter Tradeline").

46.    Exeter sold the Dodge Challenger Loan to Defendant NCB Management Services, Inc. ("NCB") sometime around September 2020.

47.    NCB was and is reporting negative information about Mr. Loper and the Dodge Challenger Loan (the "NCB Tradeline").

48.    The NCB Tradeline was and is reporting an alleged balance due of $6,674.

49.    Mr. Loper did not believe that the NCB Tradeline was accurate.

50.    To get more information about the current state of the Dodge Challenger Loan and account, Mr. Loper sent direct dispute letters to Exter on February 8, 2023, and April 5, 2023.

51.    In response to his February 8, 2023, dispute letter, Exeter sent Mr. Loper copies of the retail installment and sales contract for the sale of the Dodge Challenger and a statement of account.

52.    The statement of account noted a charge-off balance of $6,560.75, which is $113.25 less than the amount NCB is claiming due in the NCB Tradeline. The statement of account fails to note any credit for the unearned portion of the GAP insurance contract financed as part of the Dodge Challenger Loan.

53.    In response to Mr. Loper's April 5, 2023, letter, Exeter sent Mr. Loper a response that claimed the credit information Exeter was furnishing to the consumer reporting agencies was correct.

54.    Undeterred, Mr. Loper sent a dispute letter directly to NCB, in which he disputed

-10-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000010 of 000023

Filed          24-CI-02151      12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

12/09/2024 06:23:03 PM
COURTHOUSENEWS

the accuracy of the NCB Tradeline. In the letter, Mr. Loper also exercised his statutory rights under

KRS 355.9-616 to request an "explanation" of the calculation of any deficiency owed after post-

repossession disposition of the vehicle at issue. Mr. Loper also exercised his right under KRS

355.9-210 for a "request for an accounting." Both statutes require a creditor to respond to the

requests within fourteen (14) days of receipt of the requests.

55.    In response to Mr. Loper's letter, NCB merely sent Mr. Loper a copy of the retail

installment and sales contract for the sale of the Dodge Challenger.

56.    On June 1, 2023, Mr. Loper sent dispute letters to Experian and Trans Union that

included disputes of the credit information Exeter Tradeline. In particular, Mr. Loper disputed the

status of the account as being charged off with a positive balance due because Exeter failed to

dispose of the Dodge Challenger in a commercially reasonable manner as required by Kentucky

law.

57.    Trans Union rejected Mr. Loper's dispute out of hand without doing any

investigation. Experian, however, did process Mr. Loper's dispute.

58.    Upon receipt of Mr. Loper's dispute, Experian forwarded Mr. Loper's dispute to

Exeter.

59.    Receipt of Mr. Loper's dispute from Experian triggered Exeter's statutory duty

under 15 U.S.C. §1681s-2(b) to conduct a reasonable investigation of Mr. Loper's dispute.

60.    Upon review of his Experian credit report dated July 26, 2023, Mr. Loper

discovered that the Exeter Tradeline remained unchanged.

61.    Exeter violated the FCRA by failing to conduct a reasonable investigation of Mr.

Loper's dispute. In particular Exeter should have changed the status of the NCB Tradeline and

included "an election of remedy" comment code.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000011 of 000023

-11-

Filed                    24-CI-02151    12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

62.    Based on the clear evidence that Exeter failed to dispose of the Dodge Challenger in a commercially reasonable manner, Exeter also should have reached out to NCB to repurchase the account.

63.    Exeter violated the FCRA by failing to conduct a reasonable investigation of Mr. Loper's dispute.

64.    Exeter violated the KCPA by claiming a post-charge off balance due on the Dodge Challenger Loan when it failed to dispose of the Dodge Challenger in a commercially reasonable manner after charge off and by failing to credit his account with the unearned finance charge for the GAP insurance financed under the Dodge Challenger Loan.

65.    NCB violated the FDCPA by falsely representing the amount due in the NCB Tradeline and by failing to give Mr. Loper credit for the unearned finance charge for the GAP insurance financed under the Dodge Challenger Loan.

66.    NCB violated KRS 355.9-616 by failing to send Mr. Loper an explanation of the deficiency for Dodge Challenger Loan.

67.    NCB violated KRS 355.9-210 by failing to provide Mr. Loper an accounting for the Dodge Challenger Loan.

68.    For each of NCB's violations of Kentucky's UCC laws, Mr. Loper is entitled to recovery of $500 for this violation under KRS 355.9-625.

**III.    Claims against Equifax Information Services, LLC**

69.    Defendant NCB Management Services, Inc. ("NCB") was and is furnishing negative credit information to Defendant Equifax Information Services, LLC ("Equifax") about Mr. Loper and the Dodge Challenger Loan (the "NCB EFX Tradeline").

70.    The NCB EFX Tradeline was and is being misreported as a regular account.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000012 of 000023

-12-

Filed          24-CI-02151    12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

71.    On February 8, 2023, Mr. Loper sent a dispute letter to Equifax by certified mail.

72.    Mr. Loper's February 8, 2023, dispute letter included an express request for a copy of his Equifax credit report under 15 U.S.C. §1681g(a)(1).

73.    Mr. Loper's February 8, 2023, dispute letter also disputed the NCB EFX Tradeline on grounds that Equifax was misreporting it as an open account instead of as a collection account.

74.    Upon receipt of Mr. Loper's February 8, 2023, dispute letter, Equifax forwarded Mr. Loper's dispute letter to the furnishers of disputed information set forth in his dispute letter, including to NCB.

75.    On March 10, 2023, Equifax sent the results of its investigation of Mr. Loper's dispute.

76.    After conducting its investigation, Equifax continued to misreport the NCB EFX Tradeline as a regular account.

77.    The inaccurate misreporting of the NCB EFX Tradeline as a regular account rather than a collection account is causing greater harm and damage to Mr. Loper's credit score than correctly reporting it as a collection account. In particular, reporting the NCB EFX Tradeline as a regular account results in the account being included in his Equifax credit report's debt-to-credit ratio.

78.    Equifax acknowledges and explains the impact of debt-to-credit ratio on a consumer's credit score and ability to get credit on its official website as follows:

## What is your debt-to-credit ratio?

Your debt-to-credit ratio, also known as your credit utilization rate or debt-to-credit rate, represents the amount of revolving credit you're using divided by the total amount of credit available to you.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000013 of 000023

Filed          24-CI-02151    12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

12/09/2024 06:23:03 PM
COURTHOUSENEWS

Revolving credit accounts include things like credit cards and lines of credit. They don't require a fixed payment each month, and you can re-use the credit as you pay your balance down. On the other hand, installment loans are things like a mortgage or a vehicle loan, with a fixed payment each month. When installment loans are paid, the account is closed. Installment loans generally are not included in your debt-to-credit ratio.

## How is your debt-to-credit ratio calculated?

You can determine your debt-to-credit ratio by dividing the total amount of credit available to you, across all your revolving accounts, by the total amount of debt on those accounts.

For example, say you have two credit cards with a combined credit limit of $10,000. If you owe $4,000 on one card and $1,000 on the other for a combined total of $5,000, your debt-to-credit ratio is 50 percent.

## Why does your debt-to-credit ratio matter?

**Many lenders use credit scoring formulas that take your debt-to-credit ratio into consideration. In general, lenders like to see a debt-to-credit ratio of 30 percent or lower. If your ratio is higher, it could signal to lenders that you're a riskier borrower who may have trouble paying back a loan. As a result, your credit score may suffer.**[3]

79.     Equifax violated the FCRA by inaccurately publishing the NCB EFX Tradeline as

a regular account instead of as a collection account.

---

[3] https://www.equifax.com/personal/education/credit/score/debt-to-income-ratio-vs-debt-to-credit-ratio/
(bolding and underlining added). Last accessed August 14, 2023.

-14-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000014 of 000023

Filed                    24-CI-02151      12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT

NOT ORIGINAL

12/09/2024 06:23:03 PM
COURTHOUSENEWS

## CLAIMS FOR RELIEF

I.     **Claims against America's Car-Mart, Inc.**

A.     **Violations of the KCPA**

80.    The foregoing acts and omissions of Defendant America's Car-Mart, Inc. ("ACM")
violate the KCPA.

81.    The transaction that resulted in the Colonial Taurus Loan constitutes "trade" and
"commerce" within the meaning of the KCPA.

82.    Mr. Loper used the 2008 Ford Taurus exclusively for personal, family, and/or
household purposes.

83.    Claiming a self-awarded deficiency due under the Colonial Taurus Loan when
ACM failed to dispose of the Ford Taurus in a commercially reasonable manner after repossession
is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or
commerce that is unlawful under KRS 367.170.

84.    Failing to credit Mr. Loper's account with post-repossession sale proceeds and the
unearned finance charge for the debt cancellation agreement is an unfair, false, misleading, or
deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS
367.170.

85.    Using an entity that has not registered with the Secretary of State to conduct
business in the Commonwealth and which is therefor operating without legal authority to do so in
the Commonwealth to finance vehicle sales is an unfair, false, misleading, or deceptive act or
practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

86.    Mr. Loper is a natural person within the meaning of the KCPA.

87.    Mr. Loper suffered real and ascertainable losses from ACM's violations of the

-15-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000015 of 000023

Filed        24-CI-02151     12/09/2024        Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

KCPA, including but not limited to damages to Mr. Loper's credit, credit score, and ability to obtain new credit and financing, and out-of-pocket expenses.

88.     Mr. Loper has a claim against ACM under KRS 367.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

### B.     Violation of Article 9 of Kentucky's UCC

89.     The foregoing acts and omissions of Defendant America's Car-Mart, Inc. ("ACM") constitute violations of Article 9 of Kentucky's UCC.

90.     Mr. Loper exercised his statutory right under KRS 355.9-616 for an explanation of the alleged deficiencies being reported for the Colonial Taurus Loan.

91.     ACM received Mr. Loper's written request but did not send Mr. Loper an explanation of deficiency.

92.     Under KRS 355.9-625(5)(f), Mr. Loper is entitled to recover damages of $500 from ACM for its violations of Kentucky's UCC laws outlined above.

## II.     Claims against Colonial Auto Finance, Inc.

### A.     Violations of the KCPA

93.     The foregoing acts and omissions of Defendant Colonial Auto Finance, Inc. ("Colonial") violate the KCPA.

94.     The transaction that resulted in the Colonial Taurus Loan constitutes "trade" and "commerce" within the meaning of the KCPA.

95.     Mr. Loper used the 2008 Ford Taurus exclusively for personal, family, and/or household purposes.

96.     Claiming a self-awarded deficiency due under the Colonial Taurus Loan when

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000016 of 000023

-16-

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

ACM and/or Colonial failed to dispose of the Ford Taurus in a commercially reasonable manner after repossession is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

97.     Failing to credit Mr. Loper's account with post-repossession sale proceeds and the unearned finance charge for the debt cancellation agreement is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

98.     Financing the purchase of vehicles in the Commonwealth without registering with the Secretary of State to conduct business in the Commonwealth, and therefor operating without legal authority to do so in the Commonwealth, in plain violation of Kentucky law is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

99.     Mr. Loper is a natural person within the meaning of the KCPA.

100.    Mr. Loper suffered real and ascertainable losses from Colonial's violations of the KCPA, including but not limited to damages to Mr. Loper's credit, credit score, and ability to obtain new credit and financing, and out-of-pocket expenses.

101.    Mr. Loper has a claim against Colonial under KRS 367.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**B.      Violation of Article 9 of Kentucky's UCC**

102.    The foregoing acts and omissions of Defendant Colonial Auto Finance, Inc. ("Colonial") constitute violations of Article 9 of Kentucky's UCC.

103.    Mr. Loper exercised his statutory right under KRS 355.9-210 by sending a written

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000017 of 000023

-17-

Filed          24-CI-02151        12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

request to Colonial for an accounting of debits and credits under the Colonial Taurus Loan.

104.    Mr. Loper exercised his statutory right under KRS 355.9-616 for an explanation of
the alleged deficiency being reported for the Colonial Taurus Loan on Mr. Loper's credit reports.

105.    Colonial received Mr. Loper's written request and apparently forwarded the request
to ACM. Colonial did not send Mr. Loper an explanation of deficiency.

106.    Under KRS 355.9-625(5)(f), Mr. Loper is entitled to recover damages of $500 from
Colonial for its violations of Kentucky's UCC laws outlined above.

**III.    Claims against Exeter Finance, LLC**

**A.    Violation of the FCRA**

107.    The foregoing acts and omissions of Defendant Exeter Finance, LLC ("Exeter")
constitute violations of the FCRA.

108.    On June 1, 2023, Mr. Loper sent dispute letters to Experian and Trans Union that
included disputes of the credit information furnished by Exeter in the Exeter Tradeline. In
particular, Mr. Loper disputed the status of the account as being charged off with a positive balance
due because Exeter failed to dispose of the Dodge Challenger in a commercially reasonable manner
as required by Kentucky law.

109.    Experian forwarded Mr. Loper's dispute to Exeter.

110.    Upon receipt of Mr. Loper's dispute letter from Experian, Exeter had a statutory
duty under 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation of Mr. Loper's dispute.

111.    Exeter violated its express statutory duty by failing to conduct a reasonable
investigation of Mr. Loper's dispute.

112.    Exeter verified that the information in the Exeter Tradeline was correct. But it was
and is not. Exeter waived the right to collect a deficiency balance from Mr. Loper on the Dodge

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000018 of 000023

Filed          24-CI-02151        12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

Challenger Loan. Because it had no right to collect a deficiency balance, Exeter should have changed the status of the Exter Tradeline to election of remedy with no post-charge off amount due.

113.    Exeter's conduct, actions and inactions as alleged herein were willful, rendering Exeter liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

114.    In the alternative, Exeter's conduct, actions and inactions as alleged herein were negligent, rendering Exeter liable under 15 U.S.C. §1681o for actual, damages, along with attorney's fees and costs.

### B.    Violations of the KCPA

115.     The foregoing acts and omissions of Defendant Exeter Finance, LLC ("Exeter") violate the KCPA.

116.    The transaction that resulted in the Exeter Loan constitutes "trade" and "commerce" within the meaning of the KCPA.

117.    Mr. Loper used the Dodge Challenger exclusively for personal, family, and/or household purposes.

118.    Claiming a self-awarded deficiency due and owing when Exeter failed to dispose of the Dodge Challenger in a commercially reasonable manner after repossession is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

119.    Failing to credit Mr. Loper's account with the unearned finance charge for unearned GAP insurance is an unfair, false, misleading, or deceptive act or practice in the conduct of any trade or commerce that is unlawful under KRS 367.170.

Presiding Judge: HON. LARRY ASHLOCK (609463)

-19-

NOT ORIGINAL
DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

120.    Mr. Loper is a natural person within the meaning of the KCPA.

121.    Mr. Loper suffered real and ascertainable losses from Exeter's violations of the KCPA, including but not limited to selling the debt with a wrongful balance due, which resulted in the NCB Tradeline being reported on his credit reports; damages to Mr. Loper's credit, credit score, and ability to obtain new credit and financing; and out-of-pocket expenses.

122.    Mr. Loper has a claim against Exeter under KRS 367.220, which gives him the right to recover his ascertainable damages, plus his costs, plus reasonable attorney's fees to be determined by the Court, and punitive damages.

**C.      Violation of Article 9 of Kentucky's UCC**

123.    The foregoing acts and omissions of Defendant Exeter Finance, LLC ("Exeter") constitute violations of Article 9 of Kentucky's UCC.

124.    Mr. Loper exercised his statutory right under KRS 355.9-616 for an explanation of the alleged deficiencies being reported for the Dodge Challenger Loan.

125.    Exeter received Mr. Loper's written request but did not send Mr. Loper an explanation of deficiency.

126.    Under KRS 355.9-625(5)(f), Mr. Loper is entitled to recover damages of $500 from Exeter for its violations of Kentucky's UCC laws outlined above.

**IV.    Claims against NCB Management Services, Inc.**

**A.      Violations of the FDCPA**

127.    The foregoing acts and omissions of Defendant NCB Management Services, Inc. ("NCB") constitute violations of the FDCPA.

128.    NCB's's violations of the FDCPA include, but are not limited to, violations of:

- 15 U.S.C. §1692e(2)(A) and 15 U.S.C. §1692e(8): In an attempt to collect a debt from Mr. Loper, NCB misrepresented the amount of Exeter Loan in the NCB

-20-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000020 of 000023

Filed          24-CI-02151      12/09/2024      Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
12/09/2024 06:23:03 PM
COURTHOUSENEWS

Tradeline. Documents from Exeter establish that NCB overstated the amount due by at least $113.

- 15 U.S.C. § 1692f(1): NCB attempted to collect fees and/or interest from Mr. Loper that it had neither a contractual nor legal right to collect from him, *i.e.* overstating the amount due because of the failure to credit Mr. Loper's account with the unearned finance charge for the Gap insurance financed under the Dodge Challenger Loan.

**B.      Violation of Article 9 of Kentucky's UCC**

129.     The foregoing acts and omissions of Defendant NCB Management Services, Inc. ("NCB") constitute violations of Article 9 of Kentucky's UCC

130.     Mr. Loper exercised his statutory right under KRS 355.9-616 for an explanation of the alleged deficiencies being reported for the Exeter Loan.

131.     NCB received Mr. Loper's written request but did not send Mr. Loper an explanation of deficiency.

132.     Mr. Loper exercised his statutory right under KRS 355.9-210 for an accounting of the debits and credits for the Dodge Challenger Loan.

133.     Under KRS 355.9-625(5)(f), Mr. Loper is entitled to recover damages of $500 from NCB for each of its violations of Kentucky's UCC laws outlined above.

**V.      Claims against Equifax Information Services, LLC**

134.     The foregoing acts and omissions of Defendant Equifax Information Services, LLC ("Equifax") constitute violations of the FCRA.

**A.      Violation of 15 U.S.C. § 1681i(a)**

135.     On February 8, 2023, Mr. Loper sent a dispute letter to Equifax by certified mail that disputed credit information furnished by different credit furnishers.

136.     Upon receipt of Mr. Loper's dispute letters, Equifax had an express duty under 15 U.S.C. §1681i(a)(1) to conduct a reasonable investigation of Mr. Loper's disputes.

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000021 of 000023

-21-

Filed        24-CI-02151        12/09/2024    Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

12/09/2024 06:23:03 PM

COURTHOUSENEWS

137.    Equifax violated its duty under 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation of Mr. Loper's disputes.

138.    In particular, Equifax continued to misreport the NCB EFX Tradeline as a regular account instead of as a collection account.

139.    Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

140.    In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent, rendering Equifax liable under 15 U.S.C. §1681o for actual damages, along with attorney's fees and costs.

**B.    Violation of 15 U.S.C. § 1681e(b)**

141.    Under 15 U.S.C. § 1681e(b), Equifax has an express statutory duty to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

142.    Equifax violated its duties under 15 U.S.C. §1681e(b) by publishing reports about Mr. Loper to its users and subscribers that included the NCB EFX Tradeline as a regular account instead of as a collection account.

143.    Equifax's conduct, actions and inactions were willful, rendering Equifax liable under 15 U.S.C. §1681n for actual, statutory, and punitive damages, along with attorney's fees and costs.

144.    In the alternative, Equifax's conduct, actions and inactions were grossly negligent or negligent, rendering Equifax liable under 15 U.S.C. §1681o for actual damages, along with attorney's fees and costs.

-22-

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000022 of 000023

Filed          24-CI-02151        12/09/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

DOCUMENT

12/09/2024 06:23:03 PM
COURTHOUSENEWS

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff James Loper requests that the Court grant him the following relief:

1.      Award Plaintiff his actual damages against each Defendant for each Defendant's violations of the FCRA, the FDCPA, and/or the KCPA;

2.      Award Plaintiff maximum statutory damages against Exeter and Equifax pursuant to 15 U.S.C. §1681n for each such Defendant's willful violations of the FCRA;

3.      Award Plaintiff maximum statutory damages against NCB pursuant to 15 U.S.C. §1692k for NCB's violations of the FDCPA;

4.      Award Plaintiff maximum statutory damages against ACM, Colonial, Exeter, and NCB pursuant to KRS 355.9-625(5)(f) for each such Defendant's violations of Kentucky's UCC;

5.      Award Plaintiff punitive damages against Exeter and Equifax pursuant to 15 U.S.C. §1681n for each such Defendant's willful violations of the FCRA;

6.      Award Plaintiff his attorney's fees, litigation expenses and costs;

7.      A trial by jury; and

8.      Any other relief to which Plaintiff may be entitled.

                    Respectfully submitted,

                    /s/ James H. Lawson
                    James H. Lawson, KBA 86930
                    *Lawson at Law, PLLC*
                    P.O. Box 1286
                    Shelbyville, KY 40066
                    Tel:     (502) 473-6525
                    Fax:     (502) 473-6561
                    james@lawsonatlaw.com

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000023 of 000023

Filed          24-CI-02151        12/09/2024          Deanna Simcoe, Hardin Circuit Clerk



AOC-E-105          Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice     *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #:  **24-CI-02151**
Court:   **CIRCUIT**
County:  **HARDIN**

FIRST ORIGINAL

01/14/2025 11:25:43

BCNEAL

---

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **AMERICA'S CAR-MART, INC.**
     **1805 NORTH 2ND STREET**
     **SUITE 401**
     **ROGERS, AR 72756**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

     To: _____

☐ Not Served because: _____

   Date: _____, 20_____          _____
                                                        Served By

                                             _____
                                                        Title

CI : 000001 of 000001

---

Summons ID: @00000393999
CIRCUIT: 24-CI-02151 Return to Filer for Service
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL



Page 1 of 1

*eFiled*

| AOC-E-105      Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #:  **24-CI-02151**<br>Court:  **CIRCUIT**<br>County: **HARDIN** |

*Plantiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **COLONIAL AUTO FINANCE, INC.**
   **1805 N. 2ND STREET**
   **SUITE 401**
   **ROGERS, AR 72756**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____     _____
                                                           Served By
                                        _____
                                                           Title

Summons ID: @00000394000
CIRCUIT: 24-CI-02151 Return to Filer for Service
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL



Page 1 of 1

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

*CI : 000001 of 000001*

*eFiled*

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **24-CI-02151** NOT ORIGINAL<br>Court:   **CIRCUIT**<br>County:  **HARDIN** 01/14/2025 11:26:02<br><br>BCNEAL |

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **EQUIFAX INFORMATION SERVICES, LLC**
**1550 PEACHTREE STREET NW**
**ATLANTA, GA 30309**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

　　You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Deana Simon*

Hardin Circuit Clerk
Date: **12/9/2024**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

　　To: _____

☐ Not Served because: _____

　Date: _____, 20_____        _____
　　　　　　　　　　　　　　　　　　　　　　　　　Served By

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Title

Summons ID: @00000394001
CIRCUIT: 24-CI-02151 Return to Filer for Service
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL



Page 1 of 1

*eFiled*

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

| AOC-E-105       Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #:  **24-CI-02151**<br>Court:   **CIRCUIT**<br>County: **HARDIN** |

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **EXETER FINANCE, LLC**
     **2101 WEST JOHN CARPENTER FREEWAY**
     **IRVING, TX 75063**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____        _____
                                                                 Served By
                                                         _____
                                                                  Title



Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

**eFiled**



| AOC-E-105     Sum Code: CI | | Case #: **24-CI-02151** |
|---|---|---|
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **HARDIN** |
| Court of Justice    *Courts.ky.gov* | **CIVIL SUMMONS** | |
| CR 4.02; Cr Official Form 1 | | |

FIRST ORIGINAL

01/14/2025 11:26:37

BCNEAL

*Plantiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **NCB MANAGEMENT SERVICES, INC.**

   **ONE ALLIED DRIVE**

   **FEASTERVILLE TREVOSE, PA 19053**

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____      _____
                                                                    Served By

                                                                    _____
                                                                    Title

CI : 000001 of 000001

Summons ID: @00000394003
CIRCUIT: 24-CI-02151 Long Arm Statute – Secretary of State
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL



Page 1 of 1

*e*Filed



| AOC-E-105    Sum Code: CI | | Case #: **24-CI-02151** ~~ST ORIGINAL~~ |
| Rev. 9-14 | | Court: **CIRCUIT** |
| Commonwealth of Kentucky | | County: **HARDIN** 01/14/2025 11:26:?2 |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | BCNEAL |

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
   **421 WEST MAIN STREET**
   **FRANKFORT, KY 40601**

Memo: Related party is AMERICA'S CAR-MART, INC.

The Commonwealth of Kentucky to Defendant:
**AMERICA'S CAR-MART, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Doug Srica*

Hardin Circuit Clerk
Date: **12/9/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____    _____
                                        Served By

                                      _____
                                        Title

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001



Page 1 of 1

*eFiled*

| AOC-E-105        Sum Code: CI | | Case #:  **24-CI-02151** |
| Rev. 9-14 | | Court:  **CIRCUIT** |
| Commonwealth of Kentucky | | County:  **HARDIN** |
| Court of Justice    *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

NOT ORIGINAL DOCUMENT
01/14/2025 11:27:01
AM
BCNEAL

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **W BRETT PAPSAN**

   **1805 N 2ND STREET**

   **SUITE 401**

   **ROGERS, AR 72756**

Memo: Related party is COLONIAL AUTO FINANCE, INC.

The Commonwealth of Kentucky to Defendant:
**COLONIAL AUTO FINANCE, INC.**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

Summons ID: @00000394005
CIRCUIT: 24-CI-02151 Long Arm Statute – Secretary of State
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL



Page 1 of 1

eFiled



| AOC-E-105          Sum Code: CI | Case #: **24-CI-02151** |
|---|---|
| Rev. 9-14 | Court: **CIRCUIT** |
| Commonwealth of Kentucky | County: **HARDIN** |
| Court of Justice    *Courts.ky.gov* | |
| CR 4.02; Cr Official Form 1       **CIVIL SUMMONS** | |

FIRST ORIGINAL

01/14/2025 11:27:07

BCNEAL

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
    **421 WEST MAIN STREET**
    **FRANKFORT, KY 40601**

Memo: Related party is EQUIFAX INFORMATION SERVICES, LLC

The Commonwealth of Kentucky to Defendant:
**EQUIFAX INFORMATION SERVICES, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____        _____
                                                              Served By

                                            _____
                                                              Title

Presiding Judge: HON. LARRY ASHLOCK (609463)

CI : 000001 of 000001

Summons ID: @00000394006
CIRCUIT: 24-CI-02151 Certified Mail
LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL





| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **24-CI-02151**<br>Court:  **CIRCUIT**<br>County: **HARDIN** |
|---|---|---|

*Plaintiff,* **LOPER, JAMES ANDREW VS. AMERICA'S CAR-MART, INC. ET AL**, *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
     **421 WEST MAIN STREET**
     **FRANKFORT, KY 40601**

Memo: Related party is EXETER FINANCE, LLC

The Commonwealth of Kentucky to Defendant:
**EXETER FINANCE, LLC**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **12/9/2024**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20_____      _____
                                                  Served By

                                             _____
                                                     Title

*Presiding Judge: HON. LARRY ASHLOCK (609463)*

*CI : 000001 of 000001*



*eFiled*

Filed          24-CI-02151      12/13/2024     Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT

11:27:38 AM

NOT ORIGINAL

01/14/2025

BCNEAL



Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Hardin County
120 East Dixie Ave.
Ste. 1
Elizabethtown, KY 42701

FROM:            SUMMONS DIVISION
                 SECRETARY OF STATE

RE:              CASE NO: 24-CI-02151

DEFENDANT:       NCB MANAGEMENT SERVICES, INC.

DATE:            December 13, 2024

USPS Certified Mail ID:   9202992267700103273386

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

December 9, 2024

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

December 9, 2024

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

DOCUMENT

Filed          24-CI-02151        12/13/2024        Deanna Simcoe, Hardin Circuit Clerk        01/14/2025

11:27:38

BCNEAL

**UNITED STATES POSTAL SERVICE**

December 13, 2024

Dear Secretary Of State Commonwelth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 2733 86**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Front Desk/Reception/Mail Room |
| **Status Date / Time:** | December 13, 2024, 11:15 am |
| **Location:** | FEASTERVILLE TREVOSE, PA 19053 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt |
| | Return Receipt Electronic |
| | Up to $100 insurance included |

## Recipient Signature

Signature of Recipient:

Address of Recipient:
1 ALLIED DR STE 1,
FEASTERVILLE TREVOSE, PA
19053

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002

Filed        24-CI-02151        12/16/2024        Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT

11:27:44 AM

NOT ORIGINAL

01/14/2025

BCNEAL



Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718
Phone: (502) 564-3490
Fax: (502) 564-5687

Circuit Court Clerk
Hardin County
120 East Dixie Ave.
Ste. 1
Elizabethtown, KY 42701

| | |
|---|---|
| FROM: | SUMMONS DIVISION<br>SECRETARY OF STATE |
| RE: | CASE NO: 24-CI-02151 |
| DEFENDANT: | W BRETT PAPSAN |
| DATE: | December 16, 2024 |

USPS Certified Mail ID:   9202992267700103273393

The Office of the Secretary of State was served with a summons and accompanying documents for the captioned defendant on

December 9, 2024

This office served the defendant by sending a copy of the summons and accompanying documents via certified mail, return receipt requested, on

December 9, 2024

We are enclosing the return receipt confirming receipt of summons.

COR : 000001 of 000002

**UNITED STATES POSTAL SERVICE**

December 16, 2024

Dear Secretary Of State Commonwelth of Kentucky:

The following is in response to your request for proof of delivery on your item with the tracking number: **9202 9922 6770 0103 2733 93**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | December 16, 2024, 11:02 am |
| **Location:** | ROGERS, AR 72756 |
| **Postal Product:** | Priority Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt |
| | Return Receipt Electronic |
| | Up to $100 insurance included |

| Recipient Signature | |
| --- | --- |
| Signature of Recipient: | |
| Address of Recipient: | |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

COR : 000002 of 000002

Filed          24-CI-02151    12/30/2024    Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

**COMMONWEALTH OF KENTUCKY**
**HARDIN CIRCUIT COURT**
**CASE NO. 24-CI-02151**

JAMES LOPER                                                    PLAINTIFF

v.

AMERICA'S CAR-MART, INC.,                                      DEFENDANTS
COLONIAL AUTO FINANCE, INC.,
EQUIFAX INFORMATION SERVICES, LLC,
EXETER FINANCE, LLC,
NCB MANAGEMENT SERVICES, INC.

## <u>ANSWER</u>

NOW COMES Defendant NCB Management Services, Inc. ("NCB") and in answer to the Complaint avers as follows:

1.      NCB admits plaintiff brings this Complaint alleging violation of the statutes asserted but denies any and all violations, liability and/or damages to the extent asserted in ¶ 1.

2.      NCB does not presently contest jurisdiction or venue but otherwise denies the allegations in ¶ 2 for lack of knowledge.

3.      NCB denies plaintiff's allegation of residency for lack of knowledge.   The remaining allegations constitute conclusions of law to which no response is required.   To the extent a response is required, NCB denies the allegations in ¶ 3 for lack of knowledge.

4.      NCB denies the allegations in ¶ 4 for lack of knowledge.

5.      NCB denies the allegations in ¶ 5 for lack of knowledge.

6.      NCB denies the allegations in ¶ 6 for lack of knowledge.

7.      NCB denies the allegations in ¶ 7 for lack of knowledge.

ANS : 000001 of 000009

Filed          24-CI-02151          12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

8.    NCB its is a PA corporation with an office located as alleged.  Except as specifically admitted, NCB denies the allegations in ¶ 8.

9.    NCB denies the allegations in ¶ 9.

10.    NCB denies the allegations in ¶ 10 for lack of knowledge.

11.    NCB denies the allegations in ¶ 11 for lack of knowledge.

12.    NCB denies the allegations in ¶ 12 for lack of knowledge.

13.    NCB denies the allegations in ¶ 13 for lack of knowledge.

14.    NCB denies the allegations in ¶ 14 for lack of knowledge.

15.    NCB denies the allegations in ¶ 15 for lack of knowledge.

16.    NCB denies the allegations in ¶ 16 for lack of knowledge.

17.    NCB denies the allegations in ¶ 17 for lack of knowledge.

18.    NCB denies the allegations in ¶ 18 for lack of knowledge.

19.    NCB denies the allegations in ¶ 19 for lack of knowledge.

20.    NCB denies the allegations in ¶ 20 for lack of knowledge.

21.    NCB denies the allegations in ¶ 21 for lack of knowledge.

22.    NCB denies the allegations in ¶ 22 for lack of knowledge.

23.    NCB denies the allegations in ¶ 23 for lack of knowledge.

24.    NCB denies the allegations in ¶ 24 for lack of knowledge.

25.    NCB denies the allegations in ¶ 25 for lack of knowledge.

26.    NCB denies the allegations in ¶ 26 for lack of knowledge.

27.    NCB denies the allegations in ¶ 27 for lack of knowledge.

28.    NCB denies the allegations in ¶ 28 for lack of knowledge.

2

ANS : 000002 of 000009

Filed          24-CI-02151    12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

01/14/2025 11:27:50

BCNEAL

29.    NCB denies the allegations in ¶ 29 for lack of knowledge.

30.    NCB denies the allegations in ¶ 30 for lack of knowledge.

31.    NCB denies the allegations in ¶ 31 for lack of knowledge.

32.    NCB denies the allegations in ¶ 32 for lack of knowledge.

33.    NCB denies the allegations in ¶ 33 for lack of knowledge.

34.    NCB denies the allegations in ¶ 34 for lack of knowledge.

35.    NCB denies the allegations in ¶ 35 for lack of knowledge.

36.    NCB denies the allegations in ¶ 36 for lack of knowledge.

37.    NCB denies the allegations in ¶ 37 for lack of knowledge.

38.    NCB denies the allegations in ¶ 38 for lack of knowledge.

39.    NCB denies the allegations in ¶ 39 for lack of knowledge.

40.    NCB denies the allegations in ¶ 40 for lack of knowledge.

41.    NCB denies the allegations in ¶ 41 for lack of knowledge.

42.    NCB admits the allegations in ¶ 42 upon information and belief.

43.    NCB denies the allegations in ¶ 43 for lack of knowledge.

44.    NCB denies the allegations in ¶ 43 for lack of knowledge.

45.    NCB denies the allegations in ¶ 45 for lack of knowledge.

46.    NCB denies the allegations in ¶ 46 as written.

47.    NCB admits it furnished certain credit information relating to the loan originally owned by Exeter.  Except as specifically admitted, NCB denies the allegations in ¶ 47.

48.    NCB admits it furnished credit information reflecting a debt in the amount of $6,674.  Except as specifically admitted, NCB denies the allegations in ¶ 48.

ANS : 000003 of 000009

Filed        24-CI-02151    12/30/2024        Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

49.    NCB denies the allegations in ¶ 49 for lack of knowledge.

50.    NCB denies the allegations in ¶ 50 for lack of knowledge.

51.    NCB denies the allegations in ¶ 51 for lack of knowledge.

52.    NCB denies the allegations in ¶ 52 for lack of knowledge.

53.    NCB denies the allegations in ¶ 53 for lack of knowledge.

54.    NCB admits its records reflect receipt of a letter, which is the best evidence of its content.  The remaining allegations constitute legal conclusions to which no response is required.  In the event a response is required, NCB denies the remaining allegations in ¶ 54.

55.    NCB admits it responded to the letter, said response being the best evidence of its content.  Except as specifically admitted, NCB denies the allegations in ¶ 55.

56.    NCB denies the allegations in ¶ 56 for lack of knowledge.

57.    NCB denies the allegations in ¶ 57 for lack of knowledge.

58.    NCB denies the allegations in ¶ 58 for lack of knowledge.

59.    NCB denies the allegations in ¶ 59 for lack of knowledge.

60.    NCB denies the allegations in ¶ 60 for lack of knowledge.

61.    NCB denies the allegations in ¶ 61 for lack of knowledge.

62.    NCB denies the allegations in ¶ 62.

63.    NCB denies the allegations in ¶ 63 for lack of knowledge.

64.    NCB denies the allegations in ¶ 64 for lack of knowledge.

65.    NCB denies the allegations in ¶ 65.

66.    NCB denies the allegations in ¶ 66.

67.    NCB denies the allegations in ¶ 67.

4

ANS : 000004 of 000009

Filed          24-CI-02151          12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

68.    NCB denies the allegations in ¶ 68.

69.    NCB admits it furnished credit information regarding a debt in plaintiff's name originally arising from an Exter loan.  Except as specifically admitted, NCB denies the allegations in ¶ 69.

70.    NCB denies the allegations in ¶ 70.

71.    NCB denies the allegations in ¶ 71 for lack of knowledge.

72.    NCB denies the allegations in ¶ 72 for lack of knowledge.

73.    NCB denies the allegations in ¶ 73 for lack of knowledge.

74.    NCB denies the allegations in ¶ 74 for lack of knowledge.

75.    NCB denies the allegations in ¶ 75 for lack of knowledge.

76.    NCB denies the allegations in ¶ 76 for lack of knowledge.

77.    NCB denies the allegations in ¶ 77 for lack of knowledge.

78.    NCB denies the allegations in ¶ 78 for lack of knowledge.

79.    NCB denies the allegations in ¶ 79 for lack of knowledge.

80.    NCB denies the allegations in ¶ 80 for lack of knowledge.

81.    NCB denies the allegations in ¶ 81 for lack of knowledge.

82.    NCB denies the allegations in ¶ 82 for lack of knowledge.

83.    NCB denies the allegations in ¶ 83 for lack of knowledge.

84.    NCB denies the allegations in ¶ 84 for lack of knowledge.

85.    NCB denies the allegations in ¶ 85 for lack of knowledge.

86.    NCB denies the allegations in ¶ 86 for lack of knowledge.

87.    NCB denies the allegations in ¶ 87 for lack of knowledge.

5

ANS : 000005 of 000009

Filed          24-CI-02151    12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL

01/14/2025 11:27:50

BCNEAL

DOCUMENT

AM

ANS : 000006 of 000009

88.    NCB denies the allegations in ¶ 88 for lack of knowledge.

89.    NCB denies the allegations in ¶ 89 for lack of knowledge.

90.    NCB denies the allegations in ¶ 90 for lack of knowledge.

91.    NCB denies the allegations in ¶ 91 for lack of knowledge.

92.    NCB denies the allegations in ¶ 92 for lack of knowledge.

93.    NCB denies the allegations in ¶ 93 for lack of knowledge.

94.    NCB denies the allegations in ¶ 94 for lack of knowledge.

95.    NCB denies the allegations in ¶ 95 for lack of knowledge.

96.    NCB denies the allegations in ¶ 96 for lack of knowledge.

97.    NCB denies the allegations in ¶ 97 for lack of knowledge.

98.    NCB denies the allegations in ¶ 98 for lack of knowledge.

99.    NCB denies the allegations in ¶ 99 for lack of knowledge.

100.    NCB denies the allegations in ¶ 100 for lack of knowledge.

101.    NCB denies the allegations in ¶ 101 for lack of knowledge.

102.    NCB denies the allegations in ¶ 102 for lack of knowledge.

103.    NCB denies the allegations in ¶ 103 for lack of knowledge.

104.    NCB denies the allegations in ¶ 104 for lack of knowledge.

105.    NCB denies the allegations in ¶ 105 for lack of knowledge.

106.    NCB denies the allegations in ¶ 106 for lack of knowledge.

107.    NCB denies the allegations in ¶ 107 for lack of knowledge.

108.    NCB denies the allegations in ¶ 108 for lack of knowledge.

109.    NCB denies the allegations in ¶ 109 for lack of knowledge.

Filed          24-CI-02151    12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

Filed        24-CI-02151    12/30/2024        Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

110.  NCB denies the allegations in ¶ 110 for lack of knowledge.

111.  NCB denies the allegations in ¶ 111 for lack of knowledge.

112.  NCB denies the allegations in ¶ 112 for lack of knowledge.

113.  NCB denies the allegations in ¶ 113 for lack of knowledge.

114.  NCB denies the allegations in ¶ 114 for lack of knowledge.

115.  NCB denies the allegations in ¶ 115 for lack of knowledge.

116.  NCB denies the allegations in ¶ 116 for lack of knowledge.

117.  NCB denies the allegations in ¶ 117 for lack of knowledge.

118.  NCB denies the allegations in ¶ 118 for lack of knowledge.

119.  NCB denies the allegations in ¶ 119 for lack of knowledge.

120.  NCB denies the allegations in ¶ 120 for lack of knowledge.

121.  NCB denies the allegations in ¶ 121 for lack of knowledge.

122.  NCB denies the allegations in ¶ 122 for lack of knowledge.

123.  NCB denies the allegations in ¶ 123 for lack of knowledge.

124.  NCB denies the allegations in ¶ 124 for lack of knowledge.

125.  NCB denies the allegations in ¶ 125 for lack of knowledge.

126.  NCB denies the allegations in ¶ 126 for lack of knowledge.

127.  NCB denies the allegations in ¶ 127.

128.  NCB denies the allegations in ¶ 128.

129.  NCB denies the allegations in ¶ 129.

130.  NCB denies the allegations in ¶ 130 for lack of knowledge.

131.  NCB denies the allegations in ¶ 131.

ANS : 000007 of 000009

Filed        24-CI-02151    12/30/2024        Deanna Simcoe, Hardin Circuit Clerk

Filed          24-CI-02151        12/30/2024              Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

01/14/2025 11:27:50

BCNEAL

132.    NCB denies the allegations in ¶ 132 for lack of knowledge.

133.    NCB denies the allegations in ¶ 133.

134.    NCB denies the allegations in ¶ 134 for lack of knowledge.

135.    NCB denies the allegations in ¶ 135 for lack of knowledge.

136.    NCB denies the allegations in ¶ 136 for lack of knowledge.

137.    NCB denies the allegations in ¶ 137 for lack of knowledge.

138.    NCB denies the allegations in ¶ 138 for lack of knowledge.

139.    NCB denies the allegations in ¶ 139 for lack of knowledge.

140.    NCB denies the allegations in ¶ 140 for lack of knowledge.

141.    NCB denies the allegations in ¶ 141 for lack of knowledge.

142.    NCB denies the allegations in ¶ 142 for lack of knowledge.

143.    NCB denies the allegations in ¶ 143 for lack of knowledge.

144.    NCB denies the allegations in ¶ 144 for lack of knowledge.

AND NOW in further answer to the Complaint, NCB asserts the following Affirmative Defenses:

1.      In the event a violation of the FDCPA is established, the violation was unintentional and resulted from bona fide error.

2.      To the extent plaintiff incurred any damages, plaintiff failed to mitigate damages.

3.      To the extent plaintiff incurred any damages, the damages were caused or contributed to by plaintiff or others for whom NCB is not responsible or liable.

Date:  December 30, 2024

ANS : 000008 of 000009

Filed          24-CI-02151    12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

NOT ORIGINAL
DOCUMENT
01/14/2025 11:27:50
AM
BCNEAL

Respectfully submitted,

**REMINGER CO., L.P.A.**

*/s/ Timothy B. George, Jr.*
Timothy B. George, Jr., Esq. (Ky. Bar No. 96249)
Reminger Co., L.P.A.
730 West Main Street, Suite 300
Louisville, Kentucky 40202
T: (502) 584-1310
F: (502) 598-5436
E: tgeorge@reminger.com
*Counsel for Defendant,*
*NCB Management Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December 2024, I filed the foregoing using the

Court's e-Filing system, and a notice of electronic filing will be send to the following:

James H. Lawson, Esq. (Ky. Bar No. 86930)
Lawson at Law, LLC
P.O. Box 40066
Shelbyville, Kentucky 40066
E: james@lawsonatlaw.com
*Counsel for Plaintiff*

*/s/ Timothy B. George, Jr.*
*Counsel for Defendant,*
*NCB Management Services, Inc.*

9

ANS : 000009 of 000009

Filed          24-CI-02151    12/30/2024          Deanna Simcoe, Hardin Circuit Clerk

Filed        24-CI-02151    01/02/2025    Deanna Simcoe, Hardin Circuit Clerk

DOCUMENT

AM

NOT ORIGINAL

01/14/2025 11:27:55

BCNEAL

COMMONWEALTH OF KENTUCKY
HARDIN CIRCUIT COURT
CASE NO. 24-CI-02151

JAMES LOPER,                                              PLAINTIFF

v.                    **ENTRY OF APPEARANCE**
                     *(Filed Electronically)*

AMERICA'S CAR-MART, INC., *et al*.                       DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

MORGAN POTTINGER MCGARVEY, by M. Thurman Senn, hereby enters its appearance in this proceeding as counsel for Defendants, America's Car-Mart, Inc. and Colonial Auto Finance, Inc., and requests that copies of any and all pleadings, orders and other correspondence be sent to the address listed below.

> */s/ M. Thurman Senn*
> M. Thurman Senn (KBA #82343)
> MORGAN POTTINGER MCGARVEY
> 401 South Fourth Street, Suite 1200
> Louisville, KY 40202
> Telephone: (502) 560-6750
> Facsimile: (502) 585-3498
> Email: mts@mpmfirm.com
> *Counsel for Defendants, America's Car-Mart, Inc. and Colonial Auto Finance, Inc.*

**Certificate Of Service**

Pursuant to CR 5.02, I certify that the foregoing was filed on January 2, 2025, through the Court's KYeCourts electronic filing system which will cause notice thereof to be served electronically on those attorneys participating in the case through the KYeCourts system.

> */s/ M. Thurman Senn*
> M. THURMAN SENN (KBA #82343)

EA : 000001 of 000001